IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HENRY TOWLES,

       Petitioner,

vs.                                                                                                                                No. CIV 07-1293 JH/LCS

STATE OF NEW MEXICO, and
THE ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, GARY K. KING,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Henry A. Towles' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed December 21, 2007 (Doc. 1), and Respondents' Answer, filed March 5, 2008 (Doc. 10). Pursuant to the Court's instruction, Respondents have addressed in their answer the issue of whether Mr. Towles is "in custody" within the meaning of 28 U.S.C. § 2254. (*See* Docs. 8, 10.) Specifically, Respondents assert that, because Mr. Towles has not been physically confined, he is not "in custody" within the meaning of the statute. (Doc. 10.) The United States Magistrate Judge, having considered the pleadings, the record, the relevant law, and being otherwise fully advised, finds that there is no need for an evidentiary hearing, and that Mr. Towles' petition should be **DISMISSED** without prejudice.

    **I.**        **BACKGROUND**

Mr. Towles was found guilty on May 7, 2007 in the Second Judicial District, Bernalillo County, New Mexico of four separate traffic offenses: speeding; failing to possess a driver's

license; failing to have insurance; and failing to register a vehicle.  (Doc. 10, Ex. A.)  As a result, Mr. Towles was ordered to pay four hundred and thirty-six dollars ($436.00) in fines.  *Id*.

Mr. Towles filed a Notice of Appeal on May 30, 2007 and a Motion to Dismiss on September 28, 2007.  (Doc. 10, Ex. C; Ex. D.)  After a hearing on November 6, 2007, the state district court denied the motion to dismiss and remanded the case for imposition of the original sentence.  (Doc. 10, Ex. F; Doc. 1 at 3.)  On remand, the Bernalillo County Metropolitan Court reinstated the fines and required the total amount to be paid by December 21, 2007.  (Doc. 10, Ex. G; Ex. H.)

After Mr. Towles failed to timely pay the fines, a warranty was issued for his arrest on December 25, 2007.  (Doc. 10 at 2.)  This warrant was cancelled when Mr. Towles filed an additional Notice of Appeal in Bernalillo County Metropolitan County on January 9, 2008.  (*Id*.; *see also* Doc. 10, Ex. F at 2.)  As of March 5, 2008, the Metropolitan Court record has yet to be submitted to the Bernalillo County District Court, and the fines assessed against Mr. Towles remain unpaid.  (Doc. 10 at 2.)

On December 21, 2007, Mr. Towles filed his petition for federal habeas relief in this Court, alleging (1) deprivation of liberty, (2) denial of due process, and (3) unreasonable seizure.  (Doc. 1 at 6-9.)  Respondents filed their answer on March 5, 2008, asserting that Mr. Towles has failed to raise a claim under 28 U.S.C. § 2254 because he is not "in custody" within the meaning of the statute.  (Doc. 10 at 3-4.)

**II.    ANALYSIS**

Title 28, Section 2254(a) of the United States Code allows a district court to "entertain an application of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws and treaties

of the United States."  The "in custody" requirement must be satisfied for habeas corpus jurisdiction.  *Carter v. United States*, 733 F.2d 735, 736 (10th Cir. 1984).  "A petitioner need not show actual, physical custody to obtain relief." *Dry v. CFR Court of Indian Offenses for the Choctaw Nation*, 168 F.3d 1207, 1208 (10th Cir. 1999).  However, a person sentenced to only a fine or restitution is generally not considered "in custody".  *Fields v. Oklahoma*, 243 Fed. App'x 395, 397 (10th Cir. 2007) (citing *Barry v. Bergen County Probation Dep't*, 128 F.3d 152, 160 (3d Cir. 1997); *United States v. Keane*, 852 F.2d 199, 202 (7th Cir. 1988); *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982)).  A fine, without more, does not meet the "in custody" requirement.  *Obado v. State of New Jersey,* 328 F.3d 716, 718 (3d Cir. 2003).

Here, Mr. Towles has only been sentenced to pay a fine.  (Doc. 10, Ex. A.)  He is not currently and was not ever in actual, physical custody in connection with his traffic violations. Although a warrant was once issued for his arrest, it was cancelled less than two weeks later when Mr. Towles filed his second notice of appeal.  (Doc. 10 at 2.)  Thus, Mr. Towles was not "in custody" as required by 28 U.S.C. § 2254 when he filed his petition for habeas relief, which must consequently fail.  *Fields*, 243 Fed. App'x at 397; *Carter*, 733 F.2d at 736.

### III.    RECOMMENDATION

It is hereby recommended that Mr. Towles' petition for writ of habeas corpus (Doc. 1) be **DISMISSED** without prejudice.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file

objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**